IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| DENNIS MARTIN, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) Case No. CIV-17-1300-D |
| WARDEN BEAR, *et al.*, | ) |
| Respondents. | ) |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 9] issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Upon initial screening, Judge Mitchell recommends that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 be dismissed without prejudice to refiling for failure to present a cognizable claim; Judge Mitchell finds that the Petition presents a collateral attack on the validity of Petitioner's state court conviction and sentence and, therefore, "'§ 2241 is not the appropriate vehicle for relief.'" *See* R&R at 3 (quoting *Martin v. Bear*, 683 F. App'x 729, 730 (10th Cir. 2017)).

Petitioner, who appears *pro se*, has filed a "Motion to Re-Asign [sic] and Objection to Magistrate's Report and Recommendation" [Doc. No. 10]. Liberally construed, the Court treats this filing as Petitioner's timely written objection to Judge Mitchell's Report. The Court must make a *de novo* determination of any portion of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Upon *de novo* review of the issues presented, the Court fully concurs in Judge Mitchell's analysis. First, as a preliminary matter, Petitioner makes a conclusory assertion that Judge Mitchell cannot be assigned to his case because she is "a defendant in the Washington, D.C. pending lawsuit in the Federal Claims Court, CIV-17-1788-C." *See* Petr.'s Obj. [Doc. No. 10] at 1. A review of publicly available court records of the United States Court of Federal Claims shows that Petitioner is a plaintiff in an action against the United States, but Judge Mitchell is not a defendant. *See Duvall v. United States*, No. 17-1788C, Compl. (Fed. Cl. Nov. 13, 2017). The Court finds no factual or legal basis for recusal of Judge Mitchell from Petitioner's case.

Turning to the dispositive issue of whether Petitioner may proceed on his Petition under 28 U.S.C. § 2241, Petitioner primarily argues the merit of his habeas claim that he is being detained in violation of federal laws and treaties (as an Indian whose crime was committed within Indian country, *see Murphy v. Royal*, 875 F.3d 896 (10th Cir. 2017)); he also argues that he cannot obtain relief in state courts that lack jurisdiction of his claim. Petitioner does not address in an intelligible manner the Court's authority to grant the relief sought by his Petition in an action under § 2241. As explained by the Tenth Circuit in Petitioner's last habeas action under § 2241, he cannot challenge the validity of his state court conviction and confinement in this manner. *Martin v. Bear*, 683 F. App'x 729, 730 (10th Cir.), *cert. denied*, 138 S. Ct. 142 (2017).

IT IS THEREFORE ORDERED that Petitioner's Objection [Doc. No. 10] is OVERRULED and Judge Mitchell's Report and Recommendation [Doc. No. 9] is ADOPTED in its entirety. The Petition for a Writ of Habeas Corpus Under 28 U.S.C.

§ 2241 [Doc. No. 1] is dismissed upon filing, without prejudice to the pursuit of any other appropriate remedy to challenge the validity of Petitioner's confinement. Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is denied. The denial shall be included in the judgment.

IT IS SO ORDERED this 24th day of January, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE